**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| **LEONARD HAWKINS,** | * | |
| Plaintiff | * | |
| v. | * | Case No.: RWT 09cv1908 |
| **PROCTOR AUTO SERVICE CENTER, LLC,** *et al.*, | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

Defendants Proctor Auto Service Center, LLC, Natalie Proctor, and Timothy Proctor have moved to dismiss Plaintiff Leonard Hawkins's complaint seeking overtime compensation and liquidated damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Maryland Wage and Hour Law ("MWHL"), Md. Code. Ann., Lab. & Empl. § 3-401, *et seq*.

## STANDARD OF REVIEW

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

## ANALYSIS

Defendants argue that the complaint should be dismissed because Plaintiff (i) was paid overtime wages when appropriate and (ii) often worked less than 40 hours a week.[1]  Defs.' Mot. to Dismiss ¶¶ 23, 24, 29.  However, these factual issues cannot be resolved on a motion to dismiss.  Moreover, the Court cannot convert Defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss into a Fed. R. Civ. P. 56 motion for summary judgment, *see, e.g.*, *Bosiger v. U.S. Airways, Inc.*, 510 F.3d 442, 450 (4th Cir. 2007), because Defendants have proffered no evidentiary support whatever.

To assert a claim for unpaid overtime compensation and liquidated damages under the FLSA, a plaintiff must plead (1) that he worked overtime hours without compensation; and (2) that the employer knew or should have known that he worked overtime but failed to compensate him for it.  *See Davis v. Food Lion*, 792 F.2d 1274, 1276 (4th Cir. 1986).  In his complaint, Plaintiff alleges that he worked more than forty hours a week, *see* Compl. ¶¶ 21-23, and that Defendants did not compensate him for the overtime, *see* Compl. ¶¶ 17, 25, 27.  Plaintiff clearly "state[s] a claim that is plausible on its face," *Iqbal*, 129 S. Ct. at 1949, thereby satisfying Fed. R. Civ. P. 8(a).

Accordingly, the Court, by separate Order, will deny Defendants' Motion to Dismiss (Paper No. 15).

| | |
|---|---|
| March 30, 2010 | <u>        /s/        </u> |
| Date | Roger W. Titus |
| | United States District Judge |

---

[1] Defendants also raise extraneous matters irrelevant to the instant litigation, including criminal actions involving Plaintiff.  Recognizing that the relationship between the parties appears to have soured, the Court reminds the litigants and their counsel that they must conduct themselves in a professional, ethical, and courteous manner throughout the course of this litigation.